Mircea MANEA, Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 07–70740.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 3, 2008.*

Filed Nov. 12, 2008.

Thelma M. Gonzalez, Esquire, Law Office of Noemi G. Ramirez, APLC, Noemi G. Ramirez, Esquire, Los Angeles, CA, for Petitioner.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Annette Marie Wietecha, Mark Christopher Walters, Esquire, Assistant Director, U.S. Department of Justice, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: TROTT, GOULD and TALLMAN, Circuit Judges.

### MEMORANDUM **

This is a petition for review of the Board of Immigration Appeals' ("BIA") order denying petitioner Mircea Manea's motion to reopen removal proceedings.

We review the BIA's ruling on a motion to reopen for abuse of discretion. *Perez v. Mukasey,* 516 F.3d 770, 773 (9th Cir.2008).

An alien who is subject to a final order of removal is limited to filing one motion to reopen removal proceedings, and that motion must be filed within 90 days of the date of entry of a final order of removal. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). Petitioner's motion to reopen was filed beyond the 90–day deadline and petitioner has not contended that any exceptions to this time limit apply. Manea's sole contention, that he is eligible for relief under former § 212(c), is foreclosed by *Armendariz–Montoya v. Sonchik,* 291 F.3d 1116, 1121–22 (9th Cir.2002) (holding that aliens who "pleaded not guilty and elected a jury trial ... [are] barred from

seeking § 212(c) relief"). *See also Saravia–Paguada v. Gonzales,* 488 F.3d 1122, 1131–34 (9th Cir.2007). Accordingly, the BIA did not abuse its discretion in denying petitioner's untimely motion to reopen. *See Perez v. Mukasey,* 516 F.3d at 773.

Accordingly, respondent's motion for summary disposition is granted because the questions raised by this petition for review are so insubstantial as not to require further argument. *See United States v. Hooton,* 693 F.2d 857, 858 (9th Cir.1982) (per curiam) (stating standard).

The temporary stay of removal shall continue in effect until issuance of the mandate.

### PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

